WALSH et al. v. BROOKLYN UNION ELEVATED R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   March 7, 1902.)

1. ELEVATED RAILROADS—ABUTTER'S ACTION FOR DAMAGES — INJUNCTION — MISJOINDER—COSTS.

In an action for rental and fee damages to abutting property from the building of an elevated railroad, instituted by executors and decedent's widow and children, wherein it appeared that the damages belonged solely to the widow and children, in the absence of any harm resulting to defendant from the misjoinder the complaint should be dismissed as to the executors, without costs.

2. SAME—INFANT PLAINTIFF—INJUNCTION.

In an abutter's action for rental and fee damages from the building of an elevated railroad, wherein one plaintiff was an infant suing by guardian ad litem, an injunction was granted not to become operative for 30 days, and providing that, if during that period defendants should pay or tender to plaintiffs the fee damages, they should be entitled to operate their railroad, and receive from plaintiffs a proper grant of such right, "to be executed by the person having any title to or lien upon" the abutting premises. *Held*, that defendants were not aggrieved by the judgment because one plaintiff was an infant, since the judgment did not pass upon the title to be granted, and defendants, after making tender, could continue to operate their road, and could withhold payment until a proper grant was made to them, whether it was procured by proceedings under Code Civ. Proc. § 2348, to sell the infant's interest in the premises, or by waiting until the infant became of age.

3. SAME — INFANT PLAINTIFFS — FAILURE TO PLEAD INFANCY IN ANSWER—APPEAL.

Defendants having failed to raise in their answer the defense that one plaintiff was an infant, such defense could not be relied on in the appellate court.

4. SAME—INJUNCTION—LESSOR AND LESSEE OF RAILROAD.

Although one of the defendants was lessor and the other lessee of the railroad in question, and the claim for damages covered both the period during which the lessor operated the road and that during which the lessee operated it, the judgment was correct in enjoining them both. unless the total fee damages assessed were paid.

Appeal from special term, Kings county.

Action by John J. Walsh and others against the Brooklyn Union Elevated Railroad Company and another.   From a judgment in favor of plaintiffs, defendants appeal.   Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alexander S. Lyman, for appellants.

George W. Sickels, for respondents.

GOODRICH, P. J.   This is the usual abutter's action for rental and fee damages growing out of the building of the elevated railroad on Myrtle avenue, Brooklyn.   The court at special term, on contradictory evidence, found the rental damage to be $150 per annum, and with this finding we do not differ.   The appellants contend that as Andrew Walsh died in 1889 (not 1899 as erroneously stated in the findings of fact) his executors are not entitled to maintain the action; that the damages under his will belong to the other plaintiffs, his widow and children; and that as to the executors the complaint should be dismissed, with costs.   But as no harm has resulted to the

defendants from the joinder of the executors as plaintiffs, while the complaint should be dismissed as to them, it will be without costs.

The appellants contend that it was error to direct judgment for the entire rental damages against both defendants. They concede that the defendant the Brooklyn Union Elevated Railroad Company is responsible for rental depreciation, if any, from the date when in a foreclosure action a receiver was appointed for the road formerly known as the Union Elevated Railroad Company, up to February 7, 1899, the date when the Brooklyn Union Elevated Railroad Company became the purchaser at foreclosure sale, but that it is not responsible for rental damages subsequent to the date of its lease to the defendant, the Brooklyn Heights Railroad Company, viz., April 1, 1899. The appellants also concede that the Brooklyn Heights Railroad Company is responsible for rental depreciation, if any, from the date of its lease up to the date of the trial, April 9, 1901.

The appellants also contend "that the court erred in compelling the defendants to take a bad title to the easements in return for the fee damage demanded." The basis of the argument is that an undivided seventh part of the premises, subject to the life estate of the widow, is vested in Henry Walsh, an infant, who appears in this action as a party plaintiff by a guardian ad litem. The answer to the contention is twofold. The defendants raised no defense of infancy in their answer, and, secondly, the judgment does not pass, and could not pass, upon the question of title. The judgment provides that the injunction shall not become operative for a period of 30 days, if during that period the defendants should pay or tender to the plaintiffs the amount of fee damages, in which event the defendants should be entitled to maintain and operate their railroad, and to receive from the plaintiffs a proper grant or conveyance of such right, together with the claim for damage by such maintenance and operation in the past, "to be executed by the person having any title to, or lien upon, said premises."

There is no question but that an infant, by guardian ad litem, can maintain an action of this character. The defendants are not in any way aggrieved by the judgment, for the injunction is not to become operative after tender of the fee damages awarded by the judgment, and they are not obliged to pay such amount until a proper grant or conveyance is made by all persons having title to, or interest in, the premises. If no such grant is executed and delivered to the defendants, they are not enjoined. If it be necessary to good title for such grant to take other proceedings, as, for instance, proceedings to sell infant's real estate or an interest therein, under section 2348 of the Code of Civil Procedure, the defendants can stand upon their tender until such proceedings are taken, and a valid grant is given to them. If no such proceedings are taken, a grant can be made by the infant when he becomes of age, but in either event the defendants are not injured by the judgment.

The judgment is correct in enjoining both defendants, unless the fee damages are paid.

The judgment, therefore, should be modified by dismissing the complaint as to the plaintiffs as executors and executrix, without costs,

.and by making the proportionate division of the damages between the defendant corporations, and as modified affirmed, with costs of this .appeal. All concur.